UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                  :

UNITED STATES OF AMERICA
                                  :    CONSENT PRELIMINARY ORDER
                                          OF FORFEITURE/
             - v. -                           :    MONEY JUDGMENT

DESTINY ROMERO,
        a/k/a "Lucky,"                    :    S1 19 Cr. 913 (SHS)

                Defendant.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about January 13, 2020, DESTINY ROMERO (the "Defendant"), among others, was charged in one count of a two-count Superseding Indictment, S1 19 Cr. 913 (SHS) (the "Indictment"), with narcotics conspiracy, in violation of Title 21, United States Code 846 (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about February 9, 2021, the Defendant pled guilty to a lesser-included offense of Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, any and all property, constituting or derived from any proceeds the Defendant obtained, directly or indirectly, as a result of the offense

charged in Count One of the Indictment, and any and all property used or intended to be used in
any manner or part to commit or to facilitate the commission of the offense alleged in Count One
of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the
amount of $975 in United States currency, representing the proceeds traceable to the commission
of the offense charged in Count One of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the
Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the
Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States
of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States
Attorney, Jacob R. Fiddelman of counsel, and the Defendant, and her counsel, Kenneth J.
Montgomery, Esq., that:

1.    As a result of the offense charged in Count One of the Indictment, to which
the Defendant pled guilty, a money judgment in the amount of $975 in United States currency,
(the "Money Judgment") representing the proceeds traceable to the offense charged in Count One
of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this
Consent Preliminary Order of Forfeiture /Money Judgment is final as to the Defendant, DESTINY
ROMERO, and shall be deemed part of the sentence of the Defendant, and shall be included in the
judgment of conviction therewith.

3.    All payments on the outstanding Money Judgment shall be made by postal
money order, bank or certified check, made payable, in this instance, to United States Customs

and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4.     Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture shall be authorized to deposit the payment on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.      The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By:

Jacob R. Fiddelman
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-1024

7/21/21
DATE

DESTINY ROMERO

By:

DESTINY ROMERO

DATE

By:

Kenneth J. Montgomery, Esq.
Attorney for Defendant
198 Rogers Avenue
Brooklyn, New York 11225
kenneth@kjmontgomerylaw.com

DATE

SO ORDERED:

HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

DATE